STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

☑ Providence/Bristol County
Garrahy Judicial Complex
One Dorrance Plaza
Providence, Rhode Island  02903

☐ Newport County
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island  02840

☐ Kent County
Noel Judicial Complex
222 Quaker Lane
Warwick, Rhode Island  02886

☐ Washington County
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island  02879

LUIS MENDONCA
**Plaintiff**

v.

CITY OF PROV. (MICHAEL PEARIS- FINANCE DIRECTOR)
**Defendant**

Civil Action, File Number
PC-2012-5274

## SUMMONS

*To the above-names Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ROBERT J. CARON, the Plaintiff's attorney, whose address is 478A BROADWAY, PROVIDENCE, RHODE ISLAND 02826 an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

_____
Clerk

Dated: _____

(Seal of the Superior Court)

Superior-1 (revised April 2012)

A TRUE COPY ATTEST
HAROLD OUIMETTE  SC #137
Constable #6129
Date  11/15/12

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE, SC.                                                   SUPERIOR COURT

| | |
|---|---|
| LUIS MENDONCA<br>**Plaintiff** | :<br>:<br>: |
| VS. | :    C.A. No.: PC-2012-5274<br>: |
| CITY OF PROVIDENCE THROUGH<br>ITS FINANCE DIRECTOR, MICHAEL<br>PEARIS;<br>PROVIDENCE POLICE DEPARTMENT;<br>CHIEF DEAN ESSERMAN; | :<br>:<br>:<br>:<br>: |
| ROBERT DECARLO;<br>FRANK NEWTON;<br>EVERETT CARVALHO;<br>MARGARET SCHLAGETER;<br>MATTHEW MULLIGAN;<br>ROBERT MALAVAGNO;<br>PAUL A. RENZI;<br>CLIFFORD JONES;<br>JAMES GRENNAN;<br>SHAWN MAXWELL;<br>JANE DOE OFFICER;<br>JOHN DOE OFFICER; | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| RHODE ISLAND SCHOOL OF DESIGN,<br>THROUGH ITS PRESIDENT, JOHN<br>MAEDA; | :<br>:<br>: |
| JUSTIN WALL;<br>WILLIAM LAPIERRE;<br>JANE DOE OFFICER<br>**Defendants** | :<br>:<br>:<br>: |

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2012 OCT 12 P 2:19

## PLAINTIFF'S ORIGINAL COMPLAINT

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a resident of the of the State of Rhode Island, against the City of Providence, the Providence Police Department and several of its Police Officers, the Rhode Island School of Design, and several of its Security Officers, who unlawfully

arrested, harassed, assaulted, battered, humiliated, and maliciously prosecuted the Plaintiff, Luis Mendonca. The Plaintiff also alleges common law claims under Rhode Island Law.

This is also an action against then Chief of the Providence Police Department, as supervisory Officer responsible for the conduct of the Officers, for his failure to take corrective action with respect to the Police personnel, to assure proper training and supervision of the personnel, or to discourage lawless official conduct.

**JURISDICTION**

2. This action is brought for declaratory judgment and damages pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, and the corresponding articles of the Constitution of Rhode Island.

3. This is a civil action arising under the laws of the United States and this State, therefore this court has concurrent jurisdiction.

4. This is an action authorized to redress the deprivation of Mr. Mendonca's rights secured under the United States Constitution, and therefore this court has concurrent jurisdiction.

5. The amount in controversy exceeds one hundred thousand dollars ($100,000.00), excluding interests and cost.

6. Insofar as this cause of action contains claims arising under federal law, this court has jurisdiction over said claims under R.I.G.L. § 8-2-13.

**VENUE**

7. The incidents complained of occurred in the County of Providence, State of Rhode Island so this is the judicial district in which the claims arose, and therefore, venue is proper under R.I.G.L. §8-2-13.

## PARTIES

8. The Plaintiff, Luis Mendonca is a resident of Central Falls in the State of Rhode Island.

9. Defendant, City of Providence, is a municipality incorporated under the laws of the State of Rhode Island, operating in the State of Rhode Island and is sued through its Finance Director, Michael Pearis.

10. Defendant, Michael Pearis, is the Finance Director for the City of Providence and is sued in his official capacity as Finance Director, and is a resident of the State of Rhode Island.

11. Defendant, Providence Police Department, is a department within the municipality of the City of Providence, in the State of Rhode Island entrusted by the people of Providence and the City Council to legally administer the laws of Rhode Island pursuant to the Rhode Island Constitution, the Rhode Island General Laws, the United States Constitution and the Providence City Ordinances.

12. Defendant, Dean Esserman, was the chief of the Providence Police Department at the time of the incident and based upon information and belief is currently a resident of the State of Connecticut, and at all relevant times was acting under color of law and employed by the City of Providence and is sued individually and in his then official capacity.

13. Defendant, Robert DeCarlo, is a member of the Providence Police Department and a resident of the State of Rhode, and at all relevant times was acting under color of law and employed by the City of Providence.

14. Defendant, Frank Newton, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

3

15. Defendant, Everett Carvalho, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

16. Defendant, Margaret Schlageter, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

17. Defendant, Matthew Mulligan, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

18. Defendant, Robert Malavagno, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

19. Defendant, Paul A. Renzi, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

20. Defendant, Clifford Jones, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

21. Defendant, James Grennan, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acing under color of law and employed by the City of Providence.

22. Defendant, Shawn Maxwell, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence.

23. Defendant, John Doe, is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence and whose identity will be revealed through discovery.

24. Defendant, Jane Doe is a member of the Providence Police Department and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by the City of Providence and whose identity will be revealed through discovery.

25. Defendant, Rhode Island School of Design (hereinafter "RISD"), is a College in the municipality of Providence in the State of Rhode Island and is sued by and through its President, John Maeda.

26. Defendant, John Maeda is the President of RISD and a resident of the State of Rhode Island and is sued in his official capacity as President of RISD.

27. Defendant, Justin Wall, was at all times relevant hereto, a member of the RISD security office and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by RISD.

28. Defendant, William LaPierre, was at all times relevant hereto, a member of the RISD security office and a resident of the State of Rhode Island, and at all relevant times was acting under color of law and employed by RISD.

29. Defendant, Jane Doe, was at all times relevant hereto, a member of the RISD security office and a resident of the State of Rhode Island, and at all relevant times was actin under color of law and employed by RISD and whose identity will be revealed through discovery.

## FACTUAL ALLEGATIONS

30. On or about October 20, 2009, Luis Mendonca resided in Central Falls, Rhode Island.

31. On October 20, 2009, Mr. Mendonca was stopped and questioned by Defendants Justin Wall and William LaPierre. He was handcuffed by Officer Wall and then released soon after when Officer LaPierre arrived.

32. Upon being released by Officer LaPierre, Mr. Mendonca fled the scene. A foot-chase ensued and members of the Providence Police Department became actively involved in the pursuit and apprehension of Mr. Mendonca.

33. Mr. Mendonca had climbed under a motor vehicle in a parking lot near 306 Benefit Street in Providence.

34. At that time, members of both the RISD security office and Providence Police secured Mr. from under the vehicle and handcuffed him.

35. Mr. Mendonca was viciously kicked and punched after having been handcuffed between two vehicles.

36. At that time, RISD security officer Justin Wall, along with Providence Police officer Robert Malavagno, were walking Mr. Mendonca through the parking lot. He was handcuffed behind his back and there was an officer holding each of his arms.

37. Mr. Mendonca neither resisted nor pulled away from the officers in any way. He was, at that time, cooperative, subdued, and helpless.

38. Mr. Mendonca was next approached by Detective Robert DeCarlo. Detective DeCarlo approached Mr. Mendonca with expletives, stating that his lunch had been interrupted, or words to that affect. He then administered severe blows to his body and split his head open with a

6

department issued flashlight, ultimately leaving Mr. Mendonca in a coma at Rhode Island Hospital.

39. Following this vicious assault, there was a concerted effort to cover up what occurred and to prosecute Mr. Mendonca and to have him deported, amongst the defendants, including but not limited to altering and/or omitting material evidence from police reports and narratives all in an effort to cover up the lawless conduct of the defendants.

40. The report from the EMT first responders was missing and needed to be recreated some three months later. Mr. Mendonca's name was also spelled incorrectly in the Police Report.

41. Mr. DeCarlo was convicted of felony assault and simple assault for his part in the incident on October 20, 2009. Although the conviction was overturned by Judge Darigan, that ruling is currently on appeal before the Rhode Island Supreme Court.

## COUNT I

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

42. Paragraphs one through forty-one are herein realleged as though set forth in full.

43. That on or about October 20, 2009, Officer Robert DeCarlo, while acting under color of law assaulted Mr. Mendonca about the head and body without cause or justification therefore.

44. Said use of excessive force deprived Mr. Mendonca of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Mendonca under the Fourth Amendment to the United States Constitution.

45. As a result of the unwarranted use of excessive force, Mr. Mendonca suffered grievous injuries including contusions, dental reconstruction, coma and psychological injuries including but not limited to mental anguish.

46. By reason of the above, Mr. Mendonca suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT II

### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

47. Paragraphs one through forty-six are herein realleged as though set forth in full.

48. That on or about October 20, 2009, RISD Officers Justin Wall and William LaPierre assaulted Mr. Mendonca without justification or cause therefore.

49. Said use of excessive force deprived Mr. Mendonca of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Mr. Mendonca under the Fourth Amendment to the United States Constitution.

50. As a result of the unwarranted use of excessive force, Mr. Mendonca suffered grievous injuries including contusions, coma and psychological injuries including but not limited to mental anguish.

51. By reason of the above, Mr. Mendonca suffered grievous bodily injuries, mental anguish, and was deprived of his constitutional right all to his damage.

## COUNT III

### CITY OF PROVIDENCE'S FAILURE TO TRAIN AND SUPERVISE

52. Paragraphs one through fifty-one are herein realleged as though set forth in full.

53. Defendant City of Providence has grossly failed to train its police officers in the fundamental law of arrest, seizure and prosecution in that members of its Police Department engaged in a practice of using excessive force in bringing unwarranted criminal charges without due consideration for the protection of individual civil liberties.

54. Defendant, City of Providence, encouraged and ratified the behavior of Defendant Robert DeCarlo and Defendants Chief Dean Esserman, Frank Newton, Everett Carvalho, Margaret Schlageter, Matthew Mulligan, Robert Malavagno, Paul A. Renzi, Clifford Jones, James Grennan, Shawn Maxwell, John Doe and Jane Doe in failing to discipline its officers and in failing to investigate complaints against its officers and engaging in a policy of charging victims with crimes, as they did with Mr. Mendonca in this case, in a preemptive effort to avoid municipal liability.

55. The foregoing acts, omissions and systematic failures and customs and policies of the City of Providence have caused Defendants Robert DeCarlo, Chief Dean Esserman, Frank Newton, Everett Carvalho, Margaret Schlageter, Matthew Mulligan, Robert Malavagno, Paul A. Renzi, Clifford Jones, James Grennan, Shawn Maxwell, John Doe and Jane Doe to believe that determination of the right to arrest, seize, use of force and the amount of allowable legal force was within their discretion and that complaints of illegal arrest and use of excessive force would not be honestly and/or properly investigated, with the foreseeable result that officers would be likely to illegally arrest, use improper force and charge and file complaints against innocent people as done with Mr. Mendonca in this case. This constituted a policy to look the other way and cover-up the constitutional wrongs inflicted.

56. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the City of Providence, co-defendant Robert DeCarlo improperly seized, beat, arrested and used excessive force against Mr. Mendonca.

## COUNT IV

## RISD'S FAILURE TO TRAIN AND SUPERVISE

57. Paragraphs one through fifty-six are herein realleged as though set forth here in full.

58. Defendant RISD has grossly failed to train its security officers in the fundamental law of arrest, seizure and prosecution in that members of its Security Department engaged in a practice of using excessive force in bringing unwarranted criminal charges without due consideration for the protection of individual civil liberties.

59. The foregoing acts, omissions and systematic failures and customs and policies of the RISD have caused Defendants Justin Wall, William LaPierre and Jane Doe to believe that determination of the right to arrest, seize, use of force and the amount of allowable legal force was within their discretion and that complaints of illegal arrest and use of excessive force would not be honestly and/or properly investigated, with the foreseeable result that officers would be likely to illegally arrest, use improper force and charge and file complaints against innocent people as done with Mr. Mendonca in this case. This constituted a policy to look the other way and cover-up the constitutional wrongs inflicted.

60. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of RISD, co-defendants Justin Wall, William LaPierre and Jane Doe improperly seized, arrested and used excessive force against Mr. Mendonca.

## COUNT V

## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983

61. Paragraphs one through sixty are herein realleged as though set forth here in full.

62. Defendants Robert DeCarlo, Chief Dean Esserman, Frank Newton, Everett Carvalho, Margaret Schlageter, Matthew Mulligan, Robert Malavagno, Paul A. Renzi, Clifford Jones, James Grennan, Shawn Maxwell, Justin Wall, William LaPierre, Jane Doe, John Doe and Jane Doe acting in their individual capacities and under color of law, having conspired together and

with others, reached a mutual understanding and acted to undertake a course of conduct that violated Mr. Mendonca's civil rights to wit:

  a. The Defendants in paragraph sixty-two (62) agreed and acted intentionally to falsely have him arrested and/or prosecuted.

  b. The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Mr. Mendonca as described above, all the omitting from police reports and nature of the assaults conducted by Robert DeCarlo and others upon the body of Mr. Mendonca.

  c. The Defendants agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges lodged against Mr. Mendonca.

  d. The Defendants agreed and acted intentionally to omit certain witness statements favorable to Mr. Mendonca and failed to interview other witnesses to the assault.

63. As a direct and proximate result of the conspiracy between Defendants and others as described above, Mr. Mendonca was arrested and charged with criminal offenses that he did not commit and was deprived of his right to be free from unreasonable and unlawful seizure, protection of the laws, due process rights to be free from arbitrary and unreasonable action that are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

## COUNT VI

### CHIEF DEAN ESSERMAN'S SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983

64. Paragraphs one through sixty-three are herein realleged as though set forth in full.

11

65. Defendant, Chief Dean Esserman, as then Chief of the Providence Police Department, knew or in the exercise of due diligence should have known that the conduct of the other Defendant officers was likely to occur.

66. Defendant Chief Dean Esserman failed to take any preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein. Had Chief Dean Esserman taken such measures, Mr. Mendonca would not have suffered the deprivation of his rights fully set forth herein. The failure of Chief Dean Esserman amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Mr. Mendonca. Chief Dean Esserman failed to train, supervise, and discipline the Defendant officers, and said failure caused Mr. Mendonca damages.

67. After Mr. Mendonca had ben beaten by Robert DeCarlo, Chief Dean Esserman participated, directly or indirectly, in the prosecution of Mr. Mendonca. Chief Dean Esserman had knowledge of the widespread and pervasive policy, custom, practice and usage of falsely charging victims like Mr. Mendonca, with crimes, falsifying police reports and destroying or losing or causing reports to be lost of witness interviews and that conspiratorial acts against Mr. Mendonca alleged in Count V were about to be committed, had power to prevent or to aid in preventing the commission of wrongs, and neglected to do so. These wrongful acts were committed as described above in Count V, and these wrongful acts could have been prevented by the exercise of reasonable diligence by Chief Dean Esserman.

68. As a direct and proximate result of the above described unlawful and malicious acts of Defendant Chief Dean Esserman, Mr. Mendonca was deprived of his right to be secure in his person, to equal protection of the laws, and to Due Process of Law, in violation of the Fourth and

Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

## COUNT VII

### ASSAULT AND BATTERY

69. Paragraphs one through sixty-eight are herein realleged as though set forth in full.

70. When Defendant Robert DeCarlo approached the handcuffed Mr. Mendonca, he used expletives and stated that his lunch had been interrupted.

71. Defendant Robert DeCarlo's physical act of charging at Mr. Mendonca was threatening in nature.

72. Mr. Mendonca was in reasonable fear of imminent bodily harm.

73. Defendant Robert DeCarlo administered severe blows to Mr. Mendonca's body and split his head open with a department issued flashlight.

74. That after this beating, Officer DeCarlo stopped the assaulted as conducted due to concern voiced by other officers present as Mr. Mendonca's body became limp and unresponsive.

75. That as a result of this beating, Mr. Mendonca was knocked unconscious and ended up in a coma.

76. That Officer DeCarlo's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Mendonca.

77. That as a direct and proximate cause of Officer DeCarlo's acts, Mr. Mendonca suffered great physical injury, fear, and mental anguish.

## COUNT VIII

## MALICIOUS PROSECUTION

78. Paragraphs one through seventy-seven are realleged herein as though set forth in full.

79. Defendants City of Providence, Providence Police Department, Robert DeCarlo, Chief Dean Esserman, Frank Newton, Everett Carvalho, Margaret Schlageter, Matthew Mulligan, Robert Malavagno, Paul A. Renzi, Clifford Jones, James Grennan, Shawn Maxwell, John Doe and Jane Doe initiated a prior criminal proceeding against Mr. Mendonca in the Providence County Superior Court, case number P3-2009-3725A, alleging that Mr. Mendonca was guilty of two counts of simple assault and one count of resisting arrest.

80. Said criminal complaint was filed on December 10, 2009, some sixty (60) days after the alleged criminal acts.

81. The Defendants did not have probable cause to initiate said proceedings.

82. The Defendants initiated the proceedings maliciously.

83. Said criminal complaint is still pending before the Honorable Justice Susan E. McGuirl.

84. As a direct and proximate cause of the Defendants malicious prosecution, Mr. Mendonca suffered damages.

## COUNT IX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Paragraphs one through eighty-four and realleged herein as though set forth in full.

86. Defendant Robert DeCarlo's actions of severely beating Mr. Mendonca were done intentionally.

87. Defendant Robert DeCarlo's conduct was extreme and outrageous.

14

88. That as a direct and proximate result of Officer DeCarlo's conduct, Mr. Mendonca suffered extreme emotional distress.

**COUNT X**

**FALSE IMPRISONMENT**

89. Paragraphs one through eighty-eight are realleged herein as though set forth in full.

90. That following the assault by Officer DeCarlo, Mr. Mendonca was unlawfully detained by the Providence Police Department, whose officers were at all times acting under the color of law.

91. That Mr. Mendonca's arrest was made without legal process.

92. That as a direct and proximate result of the Defendants false imprisonment, Mr. Mendonca suffered damages.

**COUNT XI**

**FALSE IMPRISONMENT**

93. Paragraphs one through ninety-two are realleged herein as though set forth in full.

94. That Mr. Mendonca was unlawfully detained by RISD Officers Justin Wall and William LaPierre, who were at all times acting under the color of law.

95. Mr. Mendonca's arrest and detention was made without legal process.

96. That as a direct and proximate result of the Defendant's false imprisonment, Mr. Mendonca suffered damages.

**COUNT XII**

**ASSAULT AND BATTERY**

97. Paragraphs one through ninety-six are realleged herein as though set forth in full.

98. Defendant Justin Wall's physical act of chasing after and restraining Mr. Mendonca was threatening in nature.

99. Mr. Mendonca was in reasonable fear of imminent bodily harm.

100. That Officer Wall's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Mendonca.

101. That as a direct and proximate cause of Officer Wall's acts, Mr. Mendonca suffered great physical injury, fear and mental anguish.

## COUNT XIII

## ASSAULT AND BATTERY

102. Paragraphs one through one hundred one are realleged herein as though set forth in full.

103. Defendant William LaPierre's physical act of chasing after and restraining Mr. Mendonca was threatening in nature.

104. Mr. Mendonca was in reasonable fear of imminent bodily harm.

105. That Officer LaPierre's acts were intended to cause and did in fact cause an unconsented, offensive contact and trauma upon the body of Mr. Mendonca.

106. That as a direct and proximate cause of Officer LaPierre's acts, Mr. Mendonca suffered great physical injury, fear and mental anguish.

**WHEREFORE,** Plaintiff, Luis Mendonca, requests that this Court enter judgment as follows:

1. Declaring as unconstitutional the arrest, seizure, beating and prosecution of the Plaintiff;

2. Further, Plaintiff, Luis Mendonca, demands the following relief jointly and severally against the Defendants, City of Providence, Chief Dean Esserman, Robert DeCarlo, Frank Newton, Everett Carvalho, Margaret Schlageter, Matthew Mulligan, Robert Malavagno, Paul A.

Renzi, Clifford Jones, James Grennan, Shawn Maxwell, RISD, Justin Wall, and William LaPierre:

    a.    Compensatory damages in the amount of $2,000,000.00;

    b.    Punitive damages in the amount of $5,000,000.00;

    c.    Attorneys fees pursuant to 42 U.S.C. § 1988;

    d.    Such other and further relief as this Court may deem just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
Luis Mendonca,
By his Attorneys,

*/s/ Alberto Aponte Cardona*
Alberto Aponte Cardona, Esq.
597 Broad Street
Central Falls, RI 02863
Tel. 401-475-5436
Fax 401-475-5439

Robert J. Caron, Esq., #5735
478A Broadway
Providence, RI 02909
Tel. 401-621-8600
Fax 401-274-2480