UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
LUIS MENDONCA,                      )
                                    )
        Plaintiff,                 )
                                    )
   v.                               )   C.A. No. 12-850 S
                                    )
CITY OF PROVIDENCE, through its     )
Finance Director, MICHAEL PEARIS;   )
PROVIDENCE POLICE DEPARTMENT;       )
CHIEF DEAN ESSERMAN;                )
ROBERT DECARLO; FRANK NEWTON;       )
EVERETT CARVALHO;                   )
MARGARET SCHLAGETER;                )
MATTHEW MULLIGAN;                   )
ROBERT MALAVAGNO;                   )
PAUL A. RENZI; CLIFFORD JONES;      )
JAMES GRENNAN; JANE DOE OFFICER;    )
JOHN DOE OFFICER;                   )
RHODE ISLAND SCHOOL OF DESIGN,      )
through its President, John Maeda;  )
JUSTIN WALL; WILLIAM LAPIERRE; and  )
JANE DOE OFFICER,                   )
                                    )
        Defendants.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

    This case arises out of the 2009 arrest of Plaintiff Mendonca, during which he was struck by a Providence police officer, leaving him in a coma. Mendonca filed a thirteen count complaint against the above-listed Defendants, including claims of Malicious Prosecution and False Imprisonment against the Providence Police Department (the "PPD"). (ECF No. 1-1.) The

PPD filed a Motion to Dismiss For Failure To State A Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) This motion is unopposed, and it is GRANTED.

In ruling on a motion to dismiss, the Court must "accept the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff." Rederford v. US Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).

No valid claim may be asserted against the PPD because it is not a legal entity that is subject to suit. The PPD is a subdivision of the Department of Public Safety, See Providence, R.I., Home Rule Charter § 1001(a)(1980), and, like all city departments, it is subject to the legislative power of the Providence city council. Ret. Bd. of the Emp.'s Ret. Sys. of the City of Providence v. City Council of Providence, 660 A.2d 721, 727-28 (R.I. 1995) (holding that the Providence retirement board lost its status as an independent corporate entity when it

was made a "city board" in the Home Rule Charter and subjected to the "legislative power of the city council").  Therefore, the PPD may not be named in a lawsuit as an entity separate from the City of Providence.  See Bibby v. Petrucci, C.A. No. 07-463-S, 2009 WL 4639101, at *4 n.3 (D.R.I. Dec. 7, 2009) (dismissal of all claims against the PPD was proper because "a suit against a municipal police department . . . is deemed to be a suit against the municipality itself" (quoting Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158-59 (D. Mass. 2007))).  Because the PPD cannot be sued in its own name, all claims against the PPD are dismissed.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  March 4, 2013

3